**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE | : | **CHAPTER 13** |
| | : | **CASE NO. _____** |
| **Jeffrey Beebe** | : | |
| **Debtors** | : | |
| | : | **(Indicate if applicable)** |
| | : | |
| | : | **ORIGINAL PLAN** 〔  〕 |
| | : | **AMENDED PLAN** |
| | : | **(Indicate 1st, 2nd, 3rd, etc.)** |

**YOUR RIGHTS WILL BE AFFECTED**

If you oppose any provision of this plan, you must file a timely written objection.  This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of this plan.

**PLAN PROVISIONS DISCHARGE: (Check one)**

〔 √ 〕 The debtor will seek a discharge of debts pursuant to Section 1328(a).

〔    〕 The debtor is not eligible for a discharge of debts because the debtor has
     previously received a discharge described in 1328(f).

**NOTICE OF SPECIAL PROVISIONS: (Check if applicable)**

〔    〕 This plan contains special provisions that are not included in the standard plan as
     recommended by the Chapter 13 standing trustees in the Eastern District of  Pennsylvania.
     Those provisions are set out in the OTHER PLAN PROVISIONS section of this plan.

**1.  PAYMENT AND LENGTH OF PLAN**

   A.  Payments by the debtor of **$  1044.00    per month for     60        months.**

   This monthly plan payment will begin no later than 30 days following the date
   of the filing of the bankruptcy petition or the date of conversion to a Chapter 13.

B.  In addition to the above specified plan payments, the debtor agrees to dedicate to the plan the estimated amount of sale proceeds as follows: **$_____** from the sale of property (described property)_____.
All sales will be completed by _____.  Other lump sum payments shall be paid to the trustee as follows:

Other payments from any source (describe specifically) shall be paid to the trustee as follows:

C.  For amended plans.
   (1)  The plan payments by the debtor shall consist of the total amount previously paid (**$_____**) added to the new monthly payment in the amount of **$_____** for the remaining _____months of the plan for a total base amount, as  amended, of **$_____**, plus other payments and property stated in Paragraph B above.

   (2)  The payment amount shall change effective _____.

   (3)  The debtor shall take appropriate action to ensure that all wage attachment payments are adjusted to conform the terms of the amended plan.

D.  The debtor is responsible for funding the plan.

## 2.  SECURED CLAIMS

A.  <u>Arrears</u>.  Shall consist of all claims timely filed prior to applicable "bar date" and allowed for pre-petition arrears on allowed secured claims and which are provided for by the Debtor pursuant to 11 U.S.C. §1322(b)(5).

| Creditor | Description of Collateral | Pre-Petition Arrears to be Cured |
|---|---|---|
| Seterus | Real Estate: 2652 Toronto St., Phila., PA | $24,000.00.  Current pmts. o/s the plan. |
|  |  |  |
|  |  |  |

B.  <u>Mortgages and Other Direct Payments by Debtor</u>.  Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained.

| **Creditor** | **Description of Collateral** | **Monthly Payment** |
|---|---|---|
| None | | |
| | | |
| | | |

C.  <u>Secured Claims Paid According to Modified Terms and/or Paid in Full</u>.  These amounts according to modified terms, and liens retained until entry of discharge.  The excess of the creditor's claim will be treated as an unsecured claim.  **A MOTION AND/OR AN ADVERSARY ACTION, AS APPROPRIATE SHALL BE FILED UNDER SECTION 506(a) TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN.**

| **Creditor** | **Description of Collateral** | **Total Payments** | **Motion or Adversary Action** |
|---|---|---|---|
| **PGW** | **Res: 2652 Toronto St.** | **$1,700.00** | **N/A** |
| **City of Phila.** | **Water/Sewer** | **$400.00** | **N/A** |

D.  <u>Surrender of Collateral</u>

| Creditor | Collateral to be Surrendered |
|---|---|
| None | |

E.  <u>Lien Avoidance</u>.  The debtor will move to avoid the liens of the following creditors pursuant to Section 522(f).

| Creditor | Description of Collateral |
|---|---|
| **Midland Funding, LLC** | **Personal Property** |

## 3.  PRIORITY CLAIMS

A.  Allowed unsecured claims entitled to priority under Section 507 will be paid in full with the exception of certain assigned Domestic Support Obligations that may be paid less than 100% pursuant to Section 1322(a)(4).

| Creditor | Basis for Priority Status | Total Payments |
|---|---|---|
| **IRS** | **2013 & 2014 income taxes** | **$1,150.00** |
|  |  |  |

B.  Administrative Claims:

(1)  Trustee fees.  Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

(2)  Attorney Fees.  In addition to the retainer of **$  2800.00** already paid by the debtor, the amount of **$   1100.00** in the plan.

## 4.  UNSECURED CLAIMS

A.  <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>.  Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| **Creditor** | **Reason for Special Classification** | **Amount of Claim** | **Total Payments** |
|---|---|---|---|
| None | | | |

B.  <u>Claims of General Unsecured Creditors</u>.  The debtor estimates that a total of $_____ will be available for distribution to unsecured creditors.  The debtor calculates that a minimum of $_____ must be paid to unsecured creditors in order to comply with the liquidation test for confirmation and the debtor calculates that a minimum of $_____ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

C.  <u>Funding</u> (check one)

〔 X 〕 100% of duly and timely filed proof of claims.
〔    〕 Pro Rata of duly and timely filed proof of claims.

## 5.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES.

A.  The following executive contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate).

| **Creditor** | **Description of Collateral** | **Monthly Payment** | **Pre-Petition Arrears** | **Total Payments** | **Assume/ Reject** |
|---|---|---|---|---|---|
| **None** | | | | | |

**6.  OTHER PLAN PROVISIONS:**

**7.  ORDER OF DISTRIBUTION:**

Payments from the plan will be made by the trustee in the following order:
Level 1:
Level 2:
Level 3:
Level 4:
Level 5:
Level 6:
Level 7:
Level 8:

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the trustee using the following as a guide:
Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: General unsecured claims.
Level 8: Untimely filed unsecured claims to which the debtor has not objected.

**8.  REVESTING OF PROPERTY (Check One)**

〔 **X** 〕 Property of the estate will vest in the debtor upon confirmation
〔   〕 Property of the estate will vest in the debtor upon closing of the case

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

1.  All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

2.  If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the debtor. Claims filed after the bar date that are not properly served on the trustee will not be paid. The debtor is responsible for reviewing claims and filing objections, if appropriate.

3.  In the event that any creditor in any class refuses any disbursement from the standing trustee, the standing trustee shall be authorized to disburse those funds to other creditors in the same class, or if all such similarly classified creditors have already been paid, to other creditors in the next level of priority, without seeking a modification of the plan.

4.  If debtor is successful in obtaining a recovery in any personal injury or other litigation in which debtor is the plaintiff during the term of this plan, any recovery in excess of any applicable exemption will be paid to the trustee as a special plan payment, in addition to debtor's regular plan payments, for the benefit of the unsecured creditors.

5.  If this plan is confirmed prior to the bar date for the filing of proofs of claim, and if any claims are filed after such confirmation date, but before the expiration of the applicable proof of claim, deadline ("bar date"), debtor agrees, within thirty (30) days after the bar date,

     (a) to notify the standing trustee of any such post-confirmation filed claims which would affect the adequate funding of the plan, and advise as to debtor's intentions with respect to such claims, in writing; and

     (b) within ten (10) days of such notification, either file
       (i) an objection to such claim(s), or
       (ii) a motion to modify the confirmed plan to account for such post-confirmation filed claims.

     If debtor files an objection to such claim(s), and such objection(s) is/are overruled, debtor will promptly file a motion to modify the plan to account for such claim(s).

If this plan is confirmed prior to the bar date, debtor also agrees that any documents or other requests previously made by the standing trustee shall be fulfilled on or before the bar date.

6.  Debtor shall certify compliance with all requirements of 11 U.S.C. §1328 before the shall be deemed completed, and only upon such certification shall the debtor(s) be entitled to a chapter 13 discharge, provided that debtor(s) is/are otherwise eligible, as indicated in the Discharge section above.


Dated:   5/22/2017                                   /s/Alan B. Liss                              
                                                     Attorney for Debtor(s)


                                                     /s/Jeffrey Beebe                            
                                                     Jeffrey Beebe
                                                     Debtor

                                                     X                                            
                                                     Joint Debtor